UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00007-JAW |
| | ) | |
| KIZZY FADER | ) | |

**ORDER DENYING DEFENDANT'S MOTION
FOR APPOINTMENT OF COUNSEL**

On May 18, 2012, a federal jury convicted Kizzy Fader of participating in a conspiracy to distribute cocaine base and determined that the conspiracy involved 280 grams or more of cocaine base. *Jury Verdict* (ECF No. 70). On December 4, 2012, the Court sentenced Ms. Fader to 120 months incarceration, five years of supervised release and a $100 special assessment. *J.* (ECF No. 91). Ms. Fader appealed to the First Circuit Court of Appeals on the ground that the Court erred in refusing to accept her guilty plea, *Notice of Appeal* (ECF No. 93), and on October 24, 2014, the First Circuit affirmed her conviction. *J.* (ECF No. 101).

On December 22, 2014, Ms. Fader filed a pro se motion for appointment of counsel, noting that she may be eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 782. *Def.'s Pro Se Mot. for Appointment of Counsel and to Reduce Sentence* (ECF No. 104). The Court denies Ms. Fader's motions because it is clear that she is not entitled to a reduction in her sentence.

At the time of her sentencing, Ms. Fader faced a guideline sentence range of 151 to 188 months, based on a criminal history category of III and a total offense level

of 32. *Tr. of Proceedings* 21:2-15 (ECF No. 100). The Court imposed a sentence of 120 months. *J.* (ECF No. 91).

Under the United States Sentencing Commission Amendment 782, Ms. Fader's total offense level would be reduced from 32 to 30, resulting in a newly-calculated guideline range of 121 to 151 months at criminal history category III. Unfortunately, for Ms. Fader, because her sentence of 120 months is lower than the bottom of the newly-calculated guideline range, she is not entitled to any sentencing reduction under Amendment 782.

To explain, the Sentencing Commission's July 18, 2014 amendments provide in part:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). The Sentencing Commission allows a court to determine "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Significantly, however, the Sentencing Commission imposed a limitation on the sentencing court's authority to reduce a sentence:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).[1]

Applying the Sentencing Commission's rules, Ms. Fader may not receive a further reduction in her 120 month sentence under Amendment 782 because she has already received a sentence lower than the bottom of 121 months, if her sentencing guideline were recalculated reducing her total offense level two levels under Amendment 782.

Even if the Sentencing Commission rules allowed a reduction in Ms. Fader's sentence, the Court would not be allowed to grant one. In its verdict, the jury not only found that Ms. Fader was guilty of engaging in a conspiracy to distribute cocaine base, but also found that the conspiracy involved 280 grams or more of cocaine base. *Jury Verdict* at 1. As a consequence, under 28 U.S.C. § 841(b)(1)(A)(iii), Ms. Fader was subject to a mandatory ten-year sentence, which is the sentence the Court imposed. In other words, the Court has already imposed the lowest sentence that the Court could impose on Ms. Fader given the nature of her crime.

Because she is not entitled to receive a sentencing reduction under Amendment 782 and because Court may not impose a sentence lower than the 120 month mandatory minimum term of incarceration that the law requires for her crime, the Court declines to appoint her counsel and to grant her the requested relief.

---

[1] The exception for subdivision (B) is for substantial assistance to authorities and has no applicability here. *See* U.S.S.G. § 1B1.10(b)(2)(B).

3

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2015