UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KIZZY FADER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12-cr-00007-JAW |
| | ) | 1:15-cv-00478-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Kizzy Fader moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct her sentence. (Motion, ECF No. 108.) The Government has moved for summary dismissal. (Response, ECF No. 112.)

Petitioner asserts the following four grounds for her section 2255 motion. First, she contends that her counsel failed to inform her of a plea offer in which the Government proposed a five-year prison term. (Motion at 7.) Second, she asserts counsel only met with her one time prior to trial and was not prepared for trial. (*Id.* at 8.) Third, she maintains she provided counsel with the names of witnesses who would have contradicted the testimony on which the Government relied to secure the conviction. (*Id.* at 10.) Fourth, she contends the Court erroneously refused to accept her guilty plea. (*Id.* at 12.)

Following a review of the record, Petitioner's motion, and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 12, 2012, the Grand Jury returned an indictment charging Petitioner in a single count with conspiring to distribute cocaine and 28 or more grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Indictment, ECF No. 2.) On May 1, 2012, the Court conducted jury selection in anticipation of a trial to commence on May 16, 2012. Before the start of the trial on May 16, Petitioner, her counsel, and the Government executed a plea agreement, which they presented to the Court. (ECF No. 64.) Pursuant to the agreement, the Government would recommend that Petitioner receive a sentence reduction based on acceptance of responsibility. (*Id.* at 2.) Petitioner agreed, inter alia, to waive her right to appeal, except with respect to a sentence exceeding five years. (*Id.* at 3.)

Petitioner pled guilty at the change of plea hearing. (Transcript of Rule 11 Proceedings at 4, 11, ECF No. 97.) At the hearing, the Government informed the Court that Petitioner agreed she was guilty of the charge stated in the indictment, but that she disputed certain facts stated in the prosecution version regarding the drug quantities. (*Id.* at 11 – 12.) The Court informed Petitioner that the disputed provisions would be stricken from the prosecution version for purposes of her plea. (*Id.* at 13 – 14.) The following colloquy then ensued:

> THE COURT: Now, I have a very important question for you, and, again, I require a truthful answer. Do you understand what it is the government says you did in committing this crime?
>
> THE DEFENDANT: Your Honor, I got to be truthful. I've done a lot of things in my lifetime. I've been a lot of places. I'm taking this agreement so I can be home with my kids.
>
> THE COURT: Sorry?
>
> THE DEFENDANT: I'm taking this agreement so I can be home with my kids. But, truthfully, I'm only doing it because my lawyer don't have the balls to fight the state because, truthfully, they know and I know I didn't do half of what they say I've done. But whereas I know I'm not going to get a fair trial in your courthouse,

2

> at any courthouse in the state of Maine, I'm going to lay down and I'm going to take this one. But one day, I'm going to set free, and I'm going to be able to prove my innocence upon an auger (phonetic). So, yes, take it as an agreement. Okay? And I'll be back because I'm not going – I'm not going to stop fighting this fight.
>
> THE COURT: All right. Well, I'm not going to accept your plea. We're going to go to trial. You've told me you're innocent, and that's what the trial process is for. We're going to take a break; we're going to bring the jury in; and we're going to go to trial. Court will stand in recess.

(*Id.* at 15 – 16.)

In accordance with the Court's determination, the matter proceeded to trial, and concluded on May 18, 2012. The evidence at trial supported the finding that a group of individuals associated with Dawlin Cabrera conducted a drug trafficking conspiracy that transpired at, among other locations, an apartment building on Ohio Street in Bangor. Mr. Cabrera testified that following a law enforcement search of the Ohio Street property, Petitioner, in coordination with other members of the conspiracy, and with the conspiracy's knowledge, entered the property and recovered a quantity of crack cocaine hidden in an oven door, which quantity amounted to 35 bundles. (Transcript of Dawlin Cabrera Testimony at 41, ECF No. 73.) Additional evidence, including witness testimony, supported a finding that 35 bundles of crack cocaine would weigh 280 grams. (*Id.* at 27; Transcript of Pari Proffitt Testimony at 28, ECF No. 76.)

At the conclusion of the trial, the jury returned a guilty verdict. As reflected on the special verdict form, the jury found the conspiracy for which Petitioner was convicted involved 280 grams or more of a mixture or substance which included cocaine base. (ECF No. 70.) Based on the jury's finding, Petitioner was subject to a mandatory minimum sentence of ten years, which sentence the Court imposed after a sentencing hearing. (Judgment, ECF No. 91.)

Petitioner appealed from the Judgment entered after the sentencing hearing. On appeal, Petitioner argued the Court erred when the Court refused to accept Petitioner's plea, and she asked

the First Circuit Court of Appeals to vacate the sentence and remand the matter for resentencing on an *Alford* plea.[1] *United States v. Fader*, No. 12-2454 (1st Cir.) On October 24, 2014, the First Circuit upheld the sentence. (ECF No. 101.) While Petitioner did not raise any other issue on appeal, she maintains that her counsel told her the only appealable issue was the Court's refusal to accept her *Alford* plea.[2]

Petitioner timely filed her section 2255 motion on November 20, 2015.[3] (*Id.* at 1.)

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

A section 2255 petitioner must establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). "[A] habeas petitioner is not automatically

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] The First Circuit Court of Appeals "customarily will not entertain ineffective assistance of counsel claims on direct review, but will instead leave such fact-bound determinations to the trial court to decide in the first instance." *United States v. Constant*, 814 F.3d 570, 578 (1st Cir. 2016). Such claims, therefore, ordinarily are presented to the district court under 28 U.S.C. § 2255 "due to the paucity of the record and the district court's 'better position to adduce the relevant evidence' as to whether counsel's performance was deficient and whether such deficiency prejudiced the defendant." *Id.* (quoting *United States v. Kenney,* 756 F.3d 36, 48–49 (1st Cir. 2014)). Consistent with this precedent, the Government has not argued that Petitioner's ineffective assistance arguments are procedurally defaulted.

[3] *See* 28 U.S.C. § 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final."); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

4

entitled to a hearing and normally should not receive one if his allegations are 'vague, conclusory, or palpably incredible.'" *David,* 134 F.3d at 478 (quoting *Machibroda v. United States,* 368 U.S. 487, 495 (1962)).  When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'"  *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).  In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007) (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)).  Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).  The Court can reasonably require a petitioner to supply the Court with salient details of the claim prior to permitting discovery or a hearing.  *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

On a claim of ineffective assistance of counsel, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States,* 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington,* 466 U.S. 668, 688 (1984). The two prongs of the ineffective assistance test are commonly referred to as the "cause" and "actual prejudice" tests. *Bucci v. United States,* 662 F.3d 18, 29 (1st Cir. 2011).

The "cause" test is "a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense.'" *Moreno–Espada v. United States,* 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir. 1994)). The issue is whether counsel's performance was "'within the wide range of reasonable professional assistance' that a competent criminal defense counsel could provide under 'prevailing professional norms.'" *Bucci,* 662 F.3d at 30 (quoting *Strickland,* 446 U.S. at 688–89). "Defense counsel is allowed to make strategic decisions, within the wide bounds of professional competence, as to which leads to follow up, and on which areas to focus his energies." *Phoenix v. Matesanz,* 233 F.3d 77, 84 (1st Cir. 2000).

The "actual prejudice" test requires a showing "sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. The court must consider "the totality of the evidence before the judge or jury" when measuring the prejudicial effect. *Stephens v. Hall,* 294 F.3d 210, 218 (1st Cir.2002). Factors that are commonly considered include the strength of the prosecution's case, the effectiveness of the defense presented at trial, and the potential for new evidence and new avenues for cross-examination to undermine the credibility of Government witnesses. *Turner,* 699 F.3d at 584.

6

A district court that reviews claims of ineffective assistance of counsel is not required to address both prongs of the test, because a failure to meet either prong will undermine the claim. *Strickland,* 466 U.S. at 697.

### B. Claims and Analysis

#### 1. Alleged Failure to Communicate Plea Offer

Petitioner initially contends the Government made a plea offer to counsel, which offer counsel never communicated to Petitioner. Petitioner asserts her counsel told her that he would ask for a plea deal of three years, but never informed her that the Government countered with a five-year offer.[4] (Motion at 7.) According to the Government, the Government only made one plea offer to Petitioner, which offer was the subject of the plea the Court rejected when Plaintiff maintained her innocence during the plea colloquy. (Response at 4.) Petitioner does not directly contest the Government's assertion. Instead, Petitioner asserts that she asked counsel to negotiate a plea agreement, that she never told counsel that she was innocent, and that her counsel "should've clarified what I was trying to say, which was not for once did I say the words I am innocent." (Reply at 1, ECF No. 116.)

"The Sixth Amendment right to counsel entitles a defendant to effective counsel during plea negotiations." *United States v. Márquez–Pérez*, 835 F.3d 153, 165 (1st Cir. 2016). In particular, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012).

---

[4] The statutory minimum term of imprisonment for the crime of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base is five years, 21 U.S.C. § 841(b)(1)(B), unless the Court determines that the defendant satisfied the mitigating factors in 18 U.S.C. § 3553(f).

Petitioner's argument that her counsel failed to inform her of a plea offer fails. The uncontroverted record evidence establishes that the Government made one plea offer, and that the offer was the subject of the plea agreement presented to the Court. The record thus directly contradicts Petitioner's contention that counsel failed to communicate a plea offer to her. To the extent Petitioner argues counsel should have or could have persuaded the Court to accept the plea because Petitioner did not assert her innocence, Petitioner's argument is also contradicted by the record. In her statements during the plea colloquy, Petitioner unequivocally asserts her innocence. Indeed, Petitioner specifically stated, "[b]ut one day, I'm going to set free, and I'm going to be able to prove my innocence." Given Petitioner's statements, Petitioner's contention that counsel could have clarified the remarks or otherwise persuaded the Court that Petitioner did not assert her innocence is unavailing.

### 2. Failure to Prepare for Trial

Petitioner claims her counsel was not prepared for trial and only met with her on one occasion before the trial date. (Motion at 8.) Petitioner also contends she provided counsel with information to discredit Renee Weeks, whom Petitioner describes as the Government's "star witness." Specifically, Petitioner asserts that at the time of her testimony, Ms. Weeks was under investigation based on Petitioner's report that Ms. Weeks had a sexual relationship with Petitioner's underage son. (Reply at 1, ECF No. 116.) Petitioner believes that if counsel had cross-examined Ms. Weeks regarding the allegation, the jury would have determined Ms. Weeks to be an unreliable witness.

Preliminarily, the record reflects Petitioner was with counsel on more than one occasion prior to trial. Petitioner's assertion of one meeting prior to trial is thus contradicted by the record. Furthermore, even if the Court accepts Petitioner's assertion as true, counsel's alleged failure to

8

meet with Petitioner on more than one occasion does not entitle Petitioner to relief, because Petitioner has not demonstrated that more in-person visits would have changed the outcome at trial. *See*, *e.g.*, *Bowling v. Parker*, 344 F.3d 487, 506 (6th Cir. 2003); *Patrick v. Patton*, No. 4:12-cv-486, 2015 WL 4545933, at *6, 2015 U.S. Dist. Lexis 99072, at *14 – 15 (N.D. Okla. July 28, 2015), *appeal dismissed,* 634 Fed. App'x 220 (10th Cir. 2015).

Petitioner also cannot prevail on her argument regarding counsel's cross-examination of Ms. Weeks. Decisions related to cross-examination are, in general, strategic in nature and as such are entitled to a presumption of reasonableness. *United States v. Soto-Alvarez*, 958 F.2d 473, 479 (1st Cir. 1992). During cross-examination, counsel established that Ms. Weeks entered into a plea agreement with the Government on a criminal matter, and hoped to receive more favorable treatment as the result of information she provided to the Government about Petitioner. By any objective measure, counsel effectively cross-examined Ms. Weeks about her objectivity.[5] (Transcript of Renee Weeks Testimony, ECF No. 78.) To the extent counsel opted not to pursue the proposed line of inquiry, given the likely evidentiary challenges to the questioning and given counsel's use of Ms. Weeks's plea agreement to demonstrate a motive for Ms. Weeks to provide testimony that favors the Government, counsel's decision not to pursue the proposed line of inquiry was not unreasonable.

Finally, Petitioner cannot establish the necessary prejudice even if she could prove counsel's strategic decision was a legitimate basis for relief. While Plaintiff contends that Ms. Weeks was the Government's "star witness," Petitioner's participation in the conspiracy and the

---

[5] Ms. Weeks's testimony did not establish drug quantity. Instead, Ms. Weeks's testimony corroborated the testimony of Dawlin Cabrera, who testified that Petitioner recovered a hidden quantity of crack cocaine from the conspiracy's Ohio Street base of operations, after the building was raided by police, and that Petitioner subsequently hid the drugs in the door of the oven in Petitioner's residence. More specifically, Ms. Weeks testified that she observed Plaintiff taking apart the door of her oven on an occasion after the Ohio Street raid. (Transcript of the Testimony of Renee Weeks at 11.)

quantity of drugs in question – findings critical to the conviction and the sentence – were established by the testimony of other witnesses, in particular Dawlin Cabrera (Transcript of Dawlin Cabrera Testimony at 29, 41 – 42, 46), and Pari Proffitt (Trial Transcript for May 16, 2012, at 18, 41—42).  Petitioner thus has not shown that cross-examination of Ms. Weeks about a personal conflict with Petitioner would have produced a different result.

### 3. Failure to Call Exculpatory Witness

Petitioner asserts counsel did not follow through with respect exculpatory information she provided regarding a witness who would have contradicted unspecified Government witnesses.  (Motion at 10.)  Petitioner asserts that "Mr. Nunez," a member of Dawlin Cabrera's drug trafficking conspiracy, would have supplied information about the conspiracy, including that Mr. Cabrera and Mr. Nunez were in Maine when the raid occurred at the Ohio Street building and that Mr. Cabrera was setting up Petitioner in some unspecified manner. (Reply at 1.)   Petitioner represents that Mr. Nunez provided Petitioner with contact information for Mr. Nunez's attorney and told Petitioner to have her counsel contact his attorney to assist with her defense.  According to Petitioner, counsel never contacted Mr. Nunez's attorney. (*Id.*)

Significantly, Petitioner has not supplied any admissible evidence to support her contention that Mr. Nunez would have provided exculpatory evidence.  More particularly, Petitioner has not submitted an affidavit from Mr. Nunez or anyone else to corroborate her assertion that a witness could have provided exculpatory evidence.  Petitioner thus has failed to establish the actual existence of exculpatory evidence that counsel did not pursue.  Petitioner's speculative proffer simply is insufficient to support a hearing on her motion.  *See*, *e.g.*, *Dows v. Wood*, 211 F.3d 480, 486 – 87 (9th Cir. 2000) (affirming denial of § 2254 motion, including district court's rejection of argument that counsel provided ineffective assistance by failing to call witnesses, where the

petitioner did not identify an actual witness, did not provide evidence that the witness would have testified, and failed to present an affidavit from the alleged witness that would have called into question the outcome at trial).

### 3. Refusal of Court to Accept *Alford* Plea

Petitioner argues the Court erroneously refused to accept her guilty plea because she had a right to enter an *Alford* plea. The Court of Appeals rejected the argument on direct appeal, which precludes a contrary determination by this Court. "Although the strict doctrine of *res adjudicata* does not apply to § 2255 motions, it is firmly settled that issues disposed of on a prior appeal will not be reviewed again by way of such a motion." *Dirring v. United States,* 370 F.2d 862, 864 (1st Cir. 1967).

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of November, 2016.