UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-cr-00007-JAW |
| | ) | |
| KIZZY FADER, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO REDUCE SENTENCE

In this action, Defendant Kizzy Fader seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c), the Fair Sentence Act of 2010, and the First Step Act of 2018. (Motion to Reduce Sentence, ECF No. 119.) The Government asks the Court to deny the motion because Defendant does not qualify for a sentence reduction. (Response, ECF No. 124.)

After a review of Defendant's motion, the Government's response, and the record, I recommend the Court deny the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January 2012, Defendant was indicted on one count of conspiring to distribute cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Indictment, ECF No. 2.) The indictment also alleged that the penalty provisions of 21 U.S.C § 841(b)(1)(B) applied, which provisions set a mandatory minimum term of imprisonment of five years. (*Id.*) In May 2012, just before trial was scheduled to begin, Defendant decided to plead guilty to the charge. (ECF No. 62.) During the plea hearing, the Court did not accept Defendant's guilty plea because she maintained her innocence. (Plea Hearing Transcript at 15 – 16, ECF No. 97.) The case proceeded to trial

the following day, and the jury found Defendant guilty.  (ECF Nos. 66, 70.)  The jury verdict form asked whether the conspiracy involved at least 28 grams or more of a mixture or substance which included cocaine base, and whether the conspiracy involved at least 280 grams or more of a mixture or substance which included cocaine base; the jury answered both questions affirmatively.  (ECF No. 70.)

The Court determined, consistent with the Presentence Investigation Report, that the guideline sentence range was 151 to 188 months of imprisonment.  (Presentence Investigation Report ¶ 49; Sentencing Hearing Transcript at 21, ECF No. 100.)  Because the jury determined that the conspiracy involved at least 280 grams of a substance containing cocaine base, which quantity the Court also determined Defendant could have reasonably anticipated would be within the ambit of the conspiracy, the penalty provision of 21 U.S.C. § 841(b)(1)(A) applied to Defendant, setting a mandatory minimum sentence of ten years imprisonment.  (Presentence Investigation Report ¶ 48; Sentencing Hearing Transcript at 12 – 13, 18 – 20; Statement of Reasons at 1, ECF No. 92.)  In November 2012, the Court sentenced Defendant to 120 months of imprisonment to be followed by five years of supervised release.  (Judgment, ECF No. 91.)

In December 2012, Defendant appealed to the First Circuit, challenging the Court's decision not to accept her guilty plea.  (Notice of Appeal, ECF No. 93.)  In October 2014, the First Circuit upheld the Court's decision.  (Judgment of the United States Court of Appeals, ECF No. 101.)

In December 2014, Defendant filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 782.  (ECF No.

104.) The Court denied the motion in January 2015. (Order, ECF Nos. 106, 107.) In November 2015, Defendant filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and reiterating her arguments concerning Guideline Amendment 782. (ECF Nos. 108, 108-1.) The Court denied the motion in December 2016. (Recommended Decision, ECF No. 117; Order Adopting the Recommended Decision, ECF No. 118.)

## DISCUSSION

"Congressional enactments have deprived the district courts of their common-law authority to modify sentences at a defendant's behest." *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 38 (1st Cir. 2015). "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).

Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for an elderly defendant no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i),

U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

Because none of the exceptions applies to Defendant's sentence, this Court lacks the statutory authority to modify that sentence now that it is final. Defendant's reliance on § 3582(c)(1)(A) is unavailing. Even if Defendant could demonstrate that she exhausted her administrative appeal rights as required by the statute, she is not at least 70 years old nor has she served at least 30 years in prison (i.e., the requirements for relief under § 3582(c)(1)(A)(ii)), and she has not shown that any extraordinary and compelling reasons warrant a reduction (i.e., the requirements for relief under § 3582(c)(1)(A)(i)).

Defendant also cites the First Step Act of 2018, P.L. 115-391, in her request for relief. While the Act created additional obligations for the Bureau of Prisons to assist prisoners who might qualify for compassionate release and created a procedure for prisoners to seek compassionate release from the district courts, *id.* § 603, the Act did not alter the standards for granting relief. *See United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("The First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate.") As explained above, Defendant has not demonstrated that she qualifies for compassionate release.

Defendant also cites the Fair Sentencing Act of 2010, P.L. 111-220, in her request for relief. The Fair Sentencing Act changed the threshold quantities necessary to trigger the enhanced mandatory minimum penalties for distributing crack cocaine:

> [T]he new statute reduced in certain instances the mandatory minimum prison terms prescribed under prior law for violations involving cocaine base; it did so by increasing the drug quantity thresholds required to trigger the specific mandatory minimums. Implicitly, it altered the ratio between those mandatory minimums and the lesser ones prescribed for cocaine powder violations.
>
> The old ratio was 100:1 and thus the five-year mandatory minimum was triggered for 5 grams of cocaine base or 500 grams of cocaine powder; the ten-year minimum was for 50 grams of cocaine base or 5 kilograms of powder. The new statute triggered a five-year minimum for 28 grams of cocaine base (leaving powder at 500 grams) and a ten-year minimum for 280 grams of cocaine base (leaving powder at 5 kilograms).

*United States v. Douglas*, 644 F.3d 39, 40 (1st Cir. 2011) (internal citations omitted).

The Fair Sentencing Act of 2010 is of no assistance to Defendant, however, because she was sentenced after the Act was enacted on August 3, 2010. That is, she was sentenced according to the new drug quantities of the statute, a fact that is reflected in the 28-gram and 280-gram questions on the verdict form. For the same reason, the provision of the First Step Act, *see* P.L. 115-391 § 404, which provided that the crack cocaine quantities of the Fair Sentencing Act applied retroactively to prisoners sentenced before August 3, 2010, does not provide Defendant with a basis for relief.

Defendant also argues that the ten-year mandatory minimum was erroneously applied to her. Because Defendant has already made, and the Court has already addressed, one motion to vacate, set aside, or reduce her sentence under § 2255, Defendant is barred

5

from making a new claim for relief by 28 U.S.C. § 2255(h) and § 2244(b), which govern the filing of second or successive petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529 – 30 (2005). Because Defendant failed to raise the claim regarding the mandatory minimum in her prior § 2255 motion, because Defendant does not raise a retroactively applicable new rule of law or newly discovered evidence of actual innocence, and because the record does not contain any evidence that Defendant obtained from the First Circuit authorization to file a second or successive claim, Defendant cannot challenge the imposition of the mandatory minimum sentence through her current motion.[1]

---

[1] Even if Petitioner was not barred from presenting her challenge, her objections to the application of the mandatory minimum sentence lack merit. First, Defendant argues that because she was convicted of conspiring to distribute controlled substances, and not of the underlying offense itself, she was not subject to the mandatory minimum sentence for the underlying offense. Pursuant to 21 U.S.C. § 846, however, the same mandatory minimum applies to conspiracy as the underlying distribution offense. Second, Defendant argues that the Court only considered the quantity attributable to the conspiracy as a whole and failed to make specific findings concerning the drug quantities attributable to her individually. The record establishes that the Court determined the 280-gram quantity found by the jury was foreseeable to Defendant individually, which is the approach mandated by controlling authority at the time of Defendant's sentencing. *See United States v. Santiago*, 560 F.3d 62, 67 (1st Cir. 2009) (explaining that jury should decide conspiracy-wide quantity, and sentencing judge should determine the amount reasonably foreseeable to each defendant). (Sentencing Hearing Transcript at 18 – 20.)

Defendant's final objection to the mandatory minimum sentence is that the ten-year mandatory minimum applied under § 841(b)(1)(A) exceeded the five-year mandatory minimum found in § 841(b)(1)(B), which was the penalty provision charged in the indictment. Under current law, any fact other than a prior conviction which increases the maximum penalty or the mandatory minimum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. *See Apprendi v. New*

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to reduce her sentence. (ECF No. 119.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of December, 2019

---

*Jersey*, 530 U.S. 466, 476 (2000) (establishing that rule for any fact affecting maximum penalties), *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (extending rule to mandatory minimum penalties, and explaining, "Defining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment"); *United States v. Ford*, 839 F.3d 94, 104 (1st Cir. 2016) (analyzing *Alleyne* errors that result from failure to correctly charge drug quantity related penalties). The Court made no error at sentencing, however, because Defendant was sentenced before *Alleyne* extended the *Apprendi* rule to facts triggering mandatory minimum penalties. *See United States v. Gomez*, 716 F.3d 1, 3, n. 1, 10 (1st Cir. 2013) (upholding ten-year mandatory minimum sentence under § 841(b)(1)(A) despite the fact that the indictment only charged five-year mandatory minimum § 841(b)(1)(B) while acknowledging that the then-upcoming decision in *Alleyne* could undermine that holding.) Because *Alleyne* is not retroactively applicable to defendants convicted before June 17, 2013, *Butterworth v. United States*, 775 F.3d 459, 461 (1st Cir. 2015), Defendant faced no constitutional error from the drug quantity penalty provision of the indictment and would not be entitled to relief.