**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00007-JAW-01 |
| | ) | |
| KIZZY FADER | ) | |

**ORDER ON AMENDED PETITION FOR COMPASSIONATE RELEASE**

A defendant moves for compassionate release to home confinement and a period of supervised release under 18 U.S.C. § 3582(c)(1)(A). Finding that the defendant has several medical conditions that place her at greater risk of serious illness if she contracts the COVID-19 virus, that she has only about two months remaining on a 120-month incarcerative sentence, and that she has a plan for a residential placement upon release, the Court concludes that the defendant has presented a compelling case for compassionate release and grants the motion.

**I.    PROCEDURAL BACKGROUND**

A jury convicted Kizzy Fader of participating in a conspiracy to distribute cocaine base involving more than two-hundred and eighty grams of cocaine base on May 18, 2012. *Jury Verdict Form* (ECF No. 70). On November 27, 2012, the Court sentenced Ms. Fader to one-hundred and twenty months of incarceration and a subsequent five-year period of supervised release. *Minute Entry* (ECF No. 90). As calculated by the Bureau of Prisons (BOP) her expected release date is November 29, 2020.

On June 19, 2020, Ms. Fader filed a pro se petition for Compassionate Release under the First Step Act, *Emer. Pet. For Compassionate Release* (ECF No. 128) (*Emer.*

*Pet.*), and on June 22, 2020, she supplemented her motion. *Emer. Mot. for Compassionate Release* (ECF No. 129). On July 7, 2020, the Court appointed Attorney Scott Hess to represent Ms. Fader in the petition, *Appointment of Counsel & Scheduling Order* (ECF No. 132), and on July 8, 2020, the Court issued an Order to Show Cause as to whether Ms. Fader had exhausted her administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). *Order to Show Cause* (ECF No. 133). On July 21, 2020, Ms. Fader moved to withdraw her petition, *Unopposed Mot. to Allow Def. to Withdraw Mot. for Compassionate Release Without Prejudice* (ECF No. 135), and on July 22, 2020, the Court granted the motion. *Order Granting Without Prejudice Mot. to Withdraw* (ECF No. 136).

On August 14, 2020, Ms. Fader filed a new motion for compassionate release with multiple attachments. *Mot. for Compassionate Release* (ECF No. 137) (*Def.'s Mot.*). On August 20, 2020, the Government responded to Ms. Fader's motion. *Gov't's Resp. to Def.'s Mot. for Compassionate Release* (ECF No. 140) (*Gov't's Resp.*). On August 20, 2020, Ms. Fader filed a reply to the Government's response. *Reply to Gov't's Resp. to Mot. for Compassionate Release* (ECF No. 141). On September 24, 2020, Ms. Fader filed a motion for leave to supplement her motion. *Mot. for Leave to File Suppl. to Def.'s Mot. for Compassionate Release with Incorporated Suppl.* (ECF No. 142). Significantly, the Government concurs with Ms. Fader's motion.

## II.   LEGAL STANDARD

In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i) states:

> The Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the

> Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

Before a court considers a defendant's motion for compassionate release, it must determine that the defendant has met the procedural prerequisites for bringing such a motion. *See United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (finding the exhaustion or thirty-day requirement of section 3582(c) mandatory). When, as here, a defendant shows exhaustion, a court must consider the merits and determine whether "extraordinary and compelling reasons warrant" the movant's release, considering in its determination "the factors set forth in section 3553(a)" and "applicable policy statements issued by the Sentencing Commission . . .." 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission issued a policy statement under United States Sentencing Guideline § 1B1.13 for addressing compassionate release motions under § 3582(c)(1)(A). The Guidelines note that the movant must meet the "requirements of subdivision (2) . . .." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018). Subdivision (2) provides that a court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). . .."

3

Section 3142(g) sets forth the factors a court must consider before releasing a person pending trial and these standards are incorporated into the assessment of a request for compassionate release. They include (1) the nature and circumstances of the offense, specifically whether the crime is a crime of violence or involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Regarding the history and characteristics of the person, the statute provides that the court must consider:

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . ..

18 U.S.C. § 3142(g)(3)(A-B). After a court has determined whether the defendant is dangerous, § 1B1.13 provides that the court should determine whether "extraordinary and compelling reasons" exist to release the defendant. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

### III. DISCUSSION

#### A. The Merits of the Petition for Compassionate Release

The Court's task in resolving Ms. Fader's motion is more straightforward than in most compassionate release cases because of the seriousness of her underlying

4

medical conditions and the short time remaining on her sentence. Ms. Fader suffers from type-2 diabetes, obesity, hypertension, and a G6PD enzyme deficiency. The national Center for Disease Control (CDC) lists type-2 diabetes and obesity as conditions that place a person at increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html at 1 (last visited Sept. 29, 2020) (*CDC Guidelines*). According to CDC guidelines, persons with hypertension might be at increased risk of severe illness from COVID-19. *Id.* G6PD enzyme deficiency is "an X-linked enzymatic disorder that affects 400 million persons worldwide and has a high prevalence (5-20%) in African and Asian populations." *Def.'s Mot.* Attach. 5, *Methemoglobinemia in Patient with G6PD Deficiency and SARS-CoV-2 Infection* at 1. The CDC paper suggests that persons with G6PD enzyme deficiency may be at a higher risk of serious complications from COVID-19. The CDC also states that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *CDC Guidelines* at 10. Based on the medical evidence, the Court concludes that, if she were to contract COVID-19, Ms. Fader has at least two underlying conditions that would place her at increased risk of serious illness, two underlying conditions that could place her at increased risk of serious illness, and that the combination of these four underlying medical conditions is a compelling factor for Ms. Fader's immediate release from incarceration.

The second issue is the danger she presents to the community upon release. This factor is substantially mitigated by the shortness of time left on the incarcerative portion of her sentence. According to the Government, the BOP has calculated Ms. Fader's release date from incarceration as November 29, 2020. *Gov't's Resp.* at 1; *see id.*, Attach. 1, *BOP Sentence Monitoring Computation Data*. Whatever concerns the Court might have about the danger of reoffending she presents to the community upon release, the plain fact is that an additional period of incarceration of less than two months will have no appreciable impact on her risk of recidivism. Ms. Fader has been incarcerated since May 1, 2012, *Restricted U.S. Probation Filing*, Attach. 1, *Revised Presentence Investigation Report* at 1 (ECF No. 131), and the Court doubts that Ms. Fader will learn something in the next two months that she has not already learned by her long period of incarceration. By contrast, the risk of her contracting COVID-19 and suffering serious medical complications is substantially greater than the benefit of her remaining two months of incarceration.

Based on the record, the Court finds that Kizzy Fader has exhausted her administrative remedies and that after considering the factors set forth in 18 U.S.C. § 3553(a) she has sustained her burden to demonstrate that extraordinary and compelling reasons warrant a reduction in her incarcerative sentence and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Court therefore grants Kizzy Fader's Motion for Compassionate Release (ECF No. 137).

### B. Remedy

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court hereby reduces Kizzy Fader's sentence to time served. The Court, however, STAYS this order for up to fourteen days to allow BOP officials to quarantine her for an appropriate period to assure that she does not contract the virus and transmit it upon release. The Court notes that Ms. Fader intends to reside for the immediate future in her relatives' residence in Hermon, Maine. This fourteen-day period will allow verification of her residential plans, establishing her travel plans from Aliceville FCI to Hermon, Maine, and assuring Ms. Fader's safe release. Ms. Fader shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements have been made, and it is safe for her to travel. There shall be no unnecessary delay and if more than fourteen days is necessary, the parties shall notify the Court and show cause as to why the fourteen-day period must be extended. The remaining aspects of the Court's Judgment and Commitment, including her period and conditions of supervised release remain unaffected by this order.

## IV.   CONCLUSION

The Court GRANTS Kizzy Fader's Motion for Compassionate Release (ECF No. 137). The Court also GRANTS Kizzy Fader's Motion for Leave to File Supplement

to Defendant's Motion for Compassionate Release with Incorporated Supplement (ECF No. 142).

      SO ORDERED.

                                    <u>/s/ John A. Woodcock, Jr.</u>
                                    JOHN A. WOODCOCK, JR.
                                    UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2020